# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | WILLIAM T. HART | SITTING JUDGE IF OTHER THAN ASSIGNED JUDGE | |
|---|---|---|---|
| CASE NUMBER | 00 C 4212 | DATE | JULY 27, 2000 |
| CASE TITLE | MICHAEL LEDFORD, JR., et al., etc. v. THE CITY OF HIGHLAND PARK | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  Plaintiffs' motion for class certification is granted in part and denied in part. Pursuant to Fed. R. Civ. P. 23(b)(2), a class is certified. Joint motion for entry of consent decree is granted in part and denied in part. The notice contained in the Appendix to this opinion shall be published (see Opinion for particulars). Fairness hearing set for Sept. 27, 2000 at 1:30 p.m. By Sept. 22, 2000, plaintiffs shall file with the court all comments of class members that they have received. Any response to comments or objections that a party desires to file shall be filed by Sept. 22, 2000.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 3 | Document Number |
|---|---|---|---|---|
| | No notices required. | | JUL 31 2000 number of notices | |
| ✓ | Notices mailed by judge's staff. | | date docketed | 9 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 00 JUL 28 AM 9:42 | July 27, 2000 date mailed notice | |
| WJS | courtroom deputy's initials | Date/time received in central Clerk's Office | MQM mailing initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MICHAEL LEDFORD, JR., and )
KAREN LYNN LEDFORD, individually )
and on behalf of all persons )
similarly situated, )
)
        Plaintiff, )
)
v. ) No. 00 C 4212
)
THE CITY OF HIGHLAND PARK, )
)
        Defendant. )

## MEMORANDUM OPINION AND ORDER

In this putative class action, plaintiffs Michael Ledford, Jr. and Karen Ledford, both of whom are African-American, allege that defendant City of Highland Park, Illinois "maintains policies, practices, and customs which have the result of or require HPPD [Highland Park Police Department] officers to target persons for surveillance, stops, detentions, interrogations, requests for consent to search, and searches on the basis of race." Allegedly, Michael has been repeatedly subjected to this policy of racial profiling. Karen allegedly has been subjected to it twice. It is also alleged that both named plaintiffs are likely to continue to be subjected to this policy in the future. In the complaint, plaintiffs request

declaratory and injunctive relief and costs and attorney fees. They do not pray for damages.

Prior to the filing of this action, the parties had agreed to the entry of a consent judgment.[1]  Both because it is a consent judgment and because, as is discussed below, this case will be certified as a class action, the settlement requires court approval.  Presently pending is plaintiffs' motion for class certification pursuant to Fed. R. Civ. P. 23(b)(2), which is unopposed by defendant.  Also pending is the parties' joint motion for entry of a consent order, which seeks preliminary approval of the consent order pending the holding of a fairness hearing.  See Fed. R. Civ. P. 23(e).

Plaintiffs' proposed class definition is: "All persons who in the past have been, or in the future are subjected to any policy, practice or custom which has the result of or requires Highland Park Police Department officers to target persons for surveillance, stops, detentions, interrogations, requests for consent to search, and searches on the basis of race or ethnicity."  There is a problem with this proposed definition. Since plaintiffs seek prospective relief only, in order to have standing, they must be persons who will be or are likely to be subjected to these practices in the future.  Having been a past victim of the alleged practice is not a sufficient basis for

---

[1] In agreeing to the consent judgment, defendant does not admit the truth of the allegations of the complaint.

seeking the requested relief. Because the named plaintiffs are likely to be subjected to racial profiling in the future, they have standing to bring the claims. Cf. Anderson v. Cornejo, 1999 WL 258501 *2 (N.D. Ill. April 21, 1999). The class should not include all persons who were subjected to racial profiling in the past; only such persons who are likely to be subjected to it in the future or who actually will be subjected to it in the future. Therefore, the class that will be considered for certification will be defined as follows:

> All persons who (a) have in the past and are likely in the future to be and (b) all persons who will in the future be, subjected to any policy, practice, or custom which has the result of or requires Highland Park Police Department officers to target persons for surveillance, stops, detentions, interrogations, requests for consent to search, and searches on the basis of race or ethnicity.

As to this class, it is found that the requirements of Rule 23(a) and 23(b)(2) are satisfied. Although no specific numbers or estimates have been provided, this class appears to be large enough in number such that the joinder of all members is impracticable. Common questions of law or fact exist, including whether or not the alleged practice of racial profiling exists. There is nothing to indicate that the named plaintiffs' claims are atypical. Also, named plaintiffs do not appear to have any conflicts that preclude them from being adequate representatives of the class's interests and plaintiffs' counsel are qualified

and capable. Rule 23(b)(2) is satisfied because defendant allegedly has acted in conformity with a regular practice. This case will be certified as a class action.

The next question is whether the proposed consent order falls within the range of reasonableness such that it can preliminarily be found to be a fair settlement. At the time the parties' presented their motion, they were informed that they needed to make one modification to the consent judgment in order to obtain preliminary approval. Although the parties' proposed notice to the class states that the settlement has no effect on any unnamed class member's right to bring a suit for damages, no such express provision is contained in the consent judgment itself. The parties do not object to adding such language to the consent order. Within one week from the date of today's order, the parties shall file a modified consent order containing such a provision. Conditional on making such a modification, it is preliminarily found that the proposed settlement is fair.

The parties have provided a proposed notice to the class. Attached to this opinion as an appendix is the approved version of the notice. This notice is to be published in the Highland Park News, the Chicago Tribune, the Chicago Sun-Times, and Exito once per week for three consecutive weeks beginning the week of August 20, 2000. Each of the notices published in the Chicago Tribune and each of the notices published in the Chicago Sun-

Times shall be on different days of the week. One of the Chicago Tribune notices and one of the Chicago Sun-Times notices shall be in a Sunday edition. The City of Highland Park shall pay the costs of publication. Within two weeks, plaintiffs shall file with the court the Spanish-language version of the notice that will be published in Exito.[2] The fairness hearing will be held on September 27, 2000 at 1:30 p.m. In the notice, class members will be directed to mail any written comments or objections to plaintiffs' counsel, who shall be responsible for providing copies to defendant and the court.

IT IS THEREFORE ORDERED that:

(1) Plaintiffs' motion for class certification is granted in part and denied in part. Pursuant to Fed. R. Civ. P. 23(b)(2), a class is certified consisting of all persons who (a) have in the past and are likely in the future to be and (b) all persons who will in the future be, subjected to any policy, practice, or custom which has the result of or requires Highland Park Police Department officers to target persons for surveillance, stops, detentions, interrogations, requests for consent to search, and searches on the basis of race or ethnicity.

(2) Joint motion for entry of consent decree is granted in part and denied in part. Within one week, the parties shall

---

[2] Plaintiffs need not file a Spanish translation of their proposed version of the notice.

submit a modified consent order containing language expressly providing that the consent decree does not affect any unnamed plaintiff's right to bring a claim for damages. Conditional on the parties agreeing to modify the consent order, the consent order is preliminarily approved as a fair settlement of this class litigation.

(3) The notice contained in the Appendix to this opinion shall be published in the Highland Park News, the Chicago Tribune, the Chicago Sun-Times, and Exito once per week for three consecutive weeks beginning the week of August 20, 2000. The notice in Exito shall be in Spanish and, within two weeks, plaintiffs shall file with the court the Spanish version of the notice. Defendant shall pay the costs of publication.

(4) Fairness hearing set for September 27, 2000 at 1:30 p.m. By September 22, 2000, plaintiffs shall file with the court all comments of class members that they have received. Any response to comments or objections that a party desires to file shall be filed by September 22, 2000.

ENTER:

/s/ William T. Hart
UNITED STATES DISTRICT JUDGE

DATED: JULY 27, 2000

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MICHAEL LEDFORD, JR., and )
KAREN LYNN LEDFORD, individually )
and on behalf of all persons )
similarly situated, )
)
        Plaintiff, )
)
v. )  No. 00 C 4212
)
THE CITY OF HIGHLAND PARK, )  Judge William T. Hart
)
        Defendant. )

## **NOTICE OF PROPOSED CLASS ACTION SETTLEMENT**

### **Description of the Lawsuit**

This lawsuit was filed on July 12, 2000 by Michael Ledford, Jr. and Karen Lynn Ledford on behalf of all persons who (a) have in the past and are likely in the future to be and (b) all persons who will in the future be, subjected to any policy, practice, or custom which has the result of or requires Highland Park Police Department ("HPPD") officers to target persons for surveillance, stops, detentions, interrogations, requests for consent to search, and searches on the basis of race or ethnicity. Plaintiffs claim that these policies, practices, or customs violated the United States Constitution and laws.

The defendant in this lawsuit is the City of Highland Park. The defendant denies that the City, or any of its employees, representatives, or officers has engaged in any racial profiling or any other discriminatory law enforcement practices, or that the City has adopted, approved, or condoned a policy, practice, or custom that requires its law enforcement officers to target persons for surveillance, stops, detention, interrogations, requests for consent to search, or searches on the basis of race or ethnicity.

### Purpose of the Notice

This notice is being given to all class member as required by Rule 23(e) of the Federal Rules of Civil Procedure and by order of the court: (a) to advise class members of the existence of this lawsuit and that the court has ruled that the case may proceed as a class action; (b) to inform class members of their rights; (c) to inform class members of a proposed settlement agreement that has been reached; and (d) to inform class members as to the procedures for commenting on the proposed settlement. A fairness hearing to consider approval of the settlement will be held on September 27, 2000 at 1:30 p.m.

The proposed settlement, if approved by the court, will be a final decision on the issues raised in the lawsuit, and because the case is a class action suit, the settlement will be binding upon all class members. **This case did not raise and the**

proposed settlement does not resolve any claim which class members other than the named plaintiffs may have for money damages arising from the challenged policies, practices, or customs.

This notice should not be understood as an expression of any opinion by the court concerning the merits of this action. However, the court has made a preliminary determination that the proposed settlement agreement is within the range of fair, reasonable, and adequate settlements.

### Definition of the Plaintiff Class

A class has been certified allowing plaintiffs to sue on their own behalf and on behalf of the following class of persons:

> All persons who (a) have in the past and are likely in the future to be and (b) all persons who will in the future be, subjected to any policy, practice, or custom which has the result of or requires Highland Park Police Department officers to target persons for surveillance, stops, detentions, interrogations, requests for consent to search, and searches on the basis of race or ethnicity.

### Proposed Settlement

The parties have negotiated a proposed settlement ("Consent Decree") of all disputed claims in the case. Under the settlement, the City of Highland Park will:

(1) Prohibit all HPPD officers from considering race or ethnicity, in any fashion or to any degree, in deciding whether

to surveil, stop, detain, interrogate, request consent to search, or search any civilian; except when officers are seeking to detain, apprehend or otherwise be on the lookout for a specific suspect sought in connection with a specific crime who has been identified or described, in part, by race or ethnicity in determining whether reasonable suspicion exists that a given individual is the person being sought.

(2) Document every incident involving a stop, detention, interrogation, and/or search of a civilian, including the race of the civilian involved, and facilitate the analysis of this data by recording and storing it on a computerized data system.

(3) Install audio and video equipment in certain HPPD vehicles.

(4) Use the materials in paragraphs (2) and (3) above to supervise HPPD officers.

(5) Maintain a system of investigating and resolving civilian complaints regarding HPPD officers.

(6) Provide specific training for HPPD officers.

(7) Allow plaintiffs' counsel to inspect materials in paragraphs (2), (4), and (5) above.

The court will retain jurisdiction for three to five years to enforce the terms of this Consent Decree.

## Other Matters

The complete terms of the Consent Decree are available upon request. If you want a copy of the Consent Decree, or if you have any questions about the proposed settlement, you can call Adam Schwartz, one of the attorneys for the plaintiff class at 312/201-9740. Also, the record in this case is available for examination at the Clerk's Office, United States District Court for the Northern District of Illinois, 219 South Dearborn Street, 20th Floor, Chicago, Illinois during regular business hours.

The lawyers for the plaintiff class have reviewed the settlement proposal and believe that the settlement is in the best interest of the plaintiff class. Accordingly, the lawyers have recommended to the class representatives and other class members that they accept the proposed settlement.

## Notice of Hearing on Proposed Settlement

The proposed settlement will become final only after the court holds a hearing and approves it as fair, reasonable, and adequate. You have the right to comment on the settlement or participate in the hearing if you so choose.

**A hearing will be held on September 27, 2000 in Room 2243 of the United States Courthouse, 219 South Dearborn Street, Chicago, Illinois, to determine whether to approve the settlement.**

Written comments or objections of class members should be mailed to Adam Schwartz at the address below by September 15, 2000. Attendance at the hearing is not required. Class members wishing to be heard orally in support of or in opposition to the proposed settlement should appear at the hearing. Subject to reasonable time limitations, such persons will be heard regardless of whether they have previously submitted written comments. However, it is preferred that speakers also submit written comments. Class members who approve the settlement do not need to appear at the hearing or take any other action to indicate their approval.

If you wish to present any written comments or objections, mail them to:

>  Adam Schwartz, Esq.
>  Roger Baldwin Foundation of ACLU, Inc.
>  180 North Michigan Avenue, Suite 2300
>  Chicago, Illinois   60601

Mr. Schwartz will provide copies to the court and counsel for defendants.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

**HARVEY GROSSMAN, ESQ.**
**ADAM SCHWARTZ, ESQ.**
Roger Baldwin Foundation of
ACLU, Inc.
180 North Michigan Avenue
Suite 2300
Chicago, Illinois   60601
312/201-9740

**PAUL E. GREENWALT III, ESQ.**
**MATTHEW J. FISCHER, ESQ.**
**CAROLYN MOREHOUSE, ESQ.**
Schiff Hardin & Waite
6600 Sears Tower
Chicago, Illinois   60606
312/258-5500

Attorneys for Plaintiffs

**STEVEN M. ELROD, ESQ.**
**JAMES R. CARR, ESQ.**
55 West Monroe Street
Suite 800
Chicago, Illinois   60603
312/263-3600

Attorneys for Defendant